**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>KERRY L. RICCIARDI,<br><br>            Debtor | Chapter 7<br>Case No. 11-20953-FJB |

**MEMORANDUM OF DECISION ON**
**OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION**

Peter and Mary Heinrichs (the "Heinrichs") have objected to the claim by debtor Kerry Ricciardi ("Kerry") of a homestead exemption with respect to the real property located at 153 Middle Street, Weymouth, Massachusetts (the "Property"), her residence. In accordance with Fed. R. Bankr. P. 7052, the Court now enters its finding of fact and conclusions of law.

**Facts and Procedural History**

The relevant facts are uncontested and drawn from the parties' submissions and exhibits. Kerry's husband, Michael Ricciardi ("Michael"), operated a building contractor business through a corporation known as Ricciardi Construction Company, Inc. (the "Company"). In 2002, the Company and the Heinrichs entered into an agreement under which the Company was to remodel the Heinrichs' home. The Heinrichs, believing the agreement had been breached by Michael's and the Company's abandonment of the project, demanded arbitration of their dispute with both Michael and the Company. When Michael and the Company failed to appear and testify in the arbitration, the arbitrator entered an award in the amount of $125,371 in favor of the Heinrichs. Michael has neither sought to vacate the award nor paid it.

In 2007, the Heinrichs filed a complaint against Michael and the Company in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts (the "State Court") seeking to

confirm the award and for additional relief against Michael under MASS. GEN. LAWS ch. 93A.  Then as now, title to the Property was held by the 153 Middle Street Realty Trust ("the Trust"), of which Michael and Kerry were the sole trustees and the primary beneficiaries; the Trust took title to the Property by a 2002 deed from Michael and Kerry who, at the time, held title as tenants by the entirety.  By their second amended complaint ("the Complaint") in the State Court action,[1] the Heinrichs also sought relief against Kerry as a "reach and apply defendant."  Specifically, the Complaint named Kerry as a defendant solely in her capacity as a trustee of five separate real estate trusts, including the Trust.  The Complaint also identified Michael as a co-trustee of the Trust and named him as a defendant in that capacity (among others).  As against Michael and Kerry as trustees of the Trust, the Complaint demanded a declaration that the Trust was a sham and that, in fact, Michael, in his individual capacity, was the true owner of Property; and it further asked for an order conveying the Property to Michael individually.  The Complaint did not seek other relief against Kerry or seek relief against her in any other capacity.  Kerry did not answer the Complaint and accordingly was defaulted.  Michael did answer the complaint; and, as trustee of the Trust, he actually litigated and defended against the reach and apply count at trial.  Kerry was subpoenaed to testify at trial but failed to appear.

   After the trial, the State Court, by Judge Patrick Brady, entered a Memorandum of Decision and Order for Judgment.  In relevant part, Judge Brady defined the issue before him as "whether five realty trusts were essentially sham trusts of which Mr. Ricciardi was the true owner and which were therefore available to satisfy creditors' claims."  Later, in his discussion of the applicable law, Judge Brady stated: "The issue to be resolved concerning the trusts is whether trust property may be reached by the plaintiffs to satisfy Michael Ricciardi's obligation to them.  Given the terms of the trusts, and Mr. Ricciardi's dealings with trust properties over the years, the answer is 'yes.'"  Regarding Kerry's interests in the trusts, Judge Brady stated:

---

[1] The second amended complaint is the version of the complaint that was ultimately tried and on which the State Court rendered its judgment.

2

> [Kerry], the beneficiary of a 100% undivided interest in the assets [of
> these trusts], did not answer the lawsuit and claim her interest in any of
> the trusts, nor did she attend trial notwithstanding service of the trial
> subpoena upon her.  She thus has admitted the allegations of the
> complaint, including that the trusts are shams and that Michael Ricciardi
> is the owner of the equitable interest of each of the trust properties.

Judge Brady ordered that "judgment shall enter declaring that the assets of the trusts are available to the plaintiffs to satisfy their claim, and if the judgment pursuant to counts I and II [for breach of contract and violation of ch. 93A] is not paid, plaintiffs may take appropriate steps to collect their judgment from the assets of the trusts."  On July 25, 2011, the State Court entered judgment in the action.  On Counts I and II, the court awarded damages against Michael in the total amount of $451,640.42; and on "the reach and apply counts," the court declared "that the assets of the five trusts are available to the plaintiffs to satisfy their claim; and if the judgment pursuant to counts I and II is not paid, plaintiffs may take appropriate steps to collect their judgment from the assets of the trusts."  Notably, the judgment does not expressly abrogate the Trust or avoid the transfer of the Property into the Trust.

On August 30, 2011, Kerry moved to vacate the judgment, alleging as cause that she had not received notice of the complaint.  By order of October 24, 2011, Judge Brady denied the motion; he found that she lacked credibility and that her allegation of lack of notice was false, and he ruled that she had presented no valid basis to vacate the judgment against her.  Kerry then filed a notice of appeal from this order and from the judgment.  Michael too filed a notice of appeal from the judgment.  The appeals remain pending.

On September 1, 2011, Michael and Kerry jointly filed in the Norfolk County Registry of Deeds a declaration of homestead as to the Property.  In its entirety, the declaration states:

> DECLARATION OF HOMESTEAD
> Michael J. Ricciardi and/or Kerry L. Ricciardi, Trustees of the 153 Middle
> Street Realty Trust u/d/t dated January 22, 2002, hereby declare,
> individually, and/or together, a homestead pursuant to M.G.L. c. 188 for
> the benefit of the persons and/or beneficiaries hereinafter named
> which persons are entitled to the protection under M.G.L. c. 188 as

3

>    holders of a homestead estate with respect to the herein-described premises and state as follows:
>
>    1. Said Declaration of Trust is recorded in the Norfolk County Registry of Deeds in Book 16127, Page 235.
>
>    2. Individually and/or together, one or both of us are the legal owners of the premises at 153 Middle Street, Weymouth, Massachusetts, by virtue of deed from Michael J. Ricciardi and Kerry L. Ricciardi, of 153 Middle Street, Weymouth, Norfolk County, Massachusetts dated March 20, 2002 and recording in said Registry of Deeds in Book 16386, Page 541, which premises Kerry L. Ricciardi and her family, if any, invidually [sic] and/or as beneficiary, occupies or intends to occupy as her or their principal residence.
>
>    Witness my hand and seal this 31st day of August 2011.
>
>    /s/ Michael J. Ricciardi, Trustee
>    /s/ Kerry L. Ricciardi, Individually and as Trustee

On November 21, 2011, Kerry filed a petition for relief under chapter 7 of the Bankruptcy Code. In the schedule of real property that she filed in the case, she indicated that she had an interest in the Property, indicated that her interest was as co-trustee and co-beneficiary, identified the Property as her primary residence, valued her interest (without deducting any secured clam or exemption) at $99,950, and indicated that the lien or liens on the Property totaled $245,700. In her schedule of claims of exemption, she elected the exemptions available to her under applicable nonbankruptcy law and, in particular, claimed an exemption in the Property under MASS. GEN. LAWS ch. 188, § 1 in the amount of $200,000. In the same document, she indicated that the then current value of the property without deducting the exemption was $199,900. In her schedule of creditors holding secured claims, she indicated that the property is subject to a mortgage in favor of Chase Mortgage in the amount of $245,700, that the value of the property is $199,900, and that the mortgage debt is therefore unsecured to the extent of $45,800.

On February 9, 2012, the Heinrichs timely filed an objection to Kerry's claim of homestead exemption. As the basis of their objection, they argue that, in order to claim a homestead exemption

4

under MASS. GEN. LAWS ch. 188, § 1, one must be either an owner of the homestead property or the beneficiary of a trust that owns the property, but by virtue of the State Court judgment, Kerry was neither, the State Court having declared that she had no equitable interest in the Property. Kerry filed an opposition to the objection, arguing that she may properly claim a homestead exemption on each of three separate bases. First, she argues that the State Court judgment has no issue-preclusive effect here because the issue in question was not actually litigated, and therefore she remains a beneficiary of the trust that owns the Property and, as such, is as an "owner" entitled to acquire an estate of homestead under § 3 of MASS. GEN. LAWS ch. 188. Second, and in the alternative, Kerry argues that if the State Court judgment terminated the Trust, then title to the Property necessarily reverted to those who owned the property immediately prior to the transfer into the Trust: herself and Michael as tenants by the entirety; and in that capacity, she was as an "owner" entitled to acquire an estate of homestead under § 3 of MASS. GEN. LAWS ch. 188. Third, and in the alternative, Kerry argues that even if she was not an owner within the meaning of the homestead statute, Michael undisputedly was an owner at all relevant times, and as a member of Michael's family, she may assert Michael's homestead rights for her own benefit, whether those rights arise from the declaration of homestead under § 3 of ch. 188 or, if the declaration was ineffective, by operation of law under § 4 of ch. 188 to the extent of the automatic homestead exemption, $125,000. After a hearing on the Heinrich's objection, the Court asked the parties to submit briefs on the issue of whether and to what extent the State Court judgment can have preclusive effect in this proceeding, and the parties have done so.

**Jurisdiction**

The matter before the court is an objection under 11 U.S.C. § 522(l) to a debtor's claim of exemption under 11 U.S.C. § 522(b)(1) and (3). It arises under the Bankruptcy Code and in a bankruptcy case and therefore falls within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by

5

standing order of reference,[2] referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). It is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1).[3] The bankruptcy court accordingly has authority to enter a final order on it.

However, as explained below, insofar as the claim of exemption is made or defended directly under state law to protect only Kerry's right to occupy, use and enjoy the premises, the matter does not arise under the Bankruptcy Code and would have no effect on the bankruptcy case: neither on the adjustment of the debtor's relationship to her creditors nor on the disposition of her assets. For those reasons, the validity of the exemption so asserted falls outside the jurisdiction of the bankruptcy court. For lack of subject matter jurisdiction, the Court will refrain from adjudicating the merits of that direct claim under state law.

**Discussion**

Subsection 541(a) of the Bankruptcy Code states that the commencement of a case under § 301 of the Bankruptcy Code—the present case was commenced under § 301—creates an estate that is comprised of the property specified in that subsection. 11 U.S.C. § 541(a). Section 522(b)(1) of the Bankruptcy Code states that "[n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. § 522(b)(1). Kerry has elected to exempt property of the estate listed in paragraph (3). In relevant part, this property includes "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition," 11 U.S.C. § 522(b)(3)(A), and "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the

---

[2] The order of reference is codified in the district court's local rules at L.R. 201, D. Mass.
[3] See 28 U.S.C. § 157(b)(2)(B) (core proceedings include allowance or disallowance of exemptions from property of the estate).

extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law," 11 U.S.C. § 522(b)(3)(B). As Kerry has done, a debtor claims property as exempt by filing a list of the property she claims as exempt. 11 U.S.C. § 522(l). "Unless a party in interest objects, the property claimed as exempt on such list is exempt." *Id*. "[T]he objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). Unless disallowed, a claim of exemption under § 522(b) has two effects: it removes the exempted property from the estate, 11 U.S.C. § 522(b)(1) (permitting a debtor to exempt certain property from property of the estate); and it insulates the property from liability during or after the case for certain debts of the debtor, 11 U.S.C. § 522(c).

Under the law of the Commonwealth of Massachusetts, specifically MASS. GEN. LAWS ch. 188, Kerry has claimed as exempt her interest in the Property.[4] She identifies her interest in the Property as that of the trustee and the beneficiary of the trust that owns the property. It is not clear whether, for purposes of 11 U.S.C. §§ 522(b) and 541(a), a debtor's legal and/or beneficial interest in the trust that owns certain property makes the property itself—as opposed to the legal or beneficial interest in the trust—property of the estate.[5] However, for purposes of establishing a right to a homestead exemption under Massachusetts law, one who is the beneficiary of the trust that owns certain real property is deemed an "owner" of that property within the meaning of §§ 3 and 4 of ch. 188, which permit an estate of homestead to exist automatically for, or be acquired by, an "owner" of the property. MASS. GEN. LAWS ch. 188, § 1 (defining "owner" for purposes of ch. 188 to include "a natural person who is a holder of a beneficial interest in a trust"). Section 3 permits an estate of homestead to be created in favor of an owner by declaration: "An estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy or intend to occupy the home

---

[4] The Heinrichs do not dispute that Massachusetts is the state whose law applies.
[5] Concluding as I do that Kerry had no beneficial interest in the trust as of the petition date, and that her legal title as trustee of the trust is made irrelevant by 11 U.S.C. § 541(d), I need not resolve this issue.

7

as a principal residence. The estate of homestead shall be created by a written declaration executed and recorded in accordance with section 5." MASS. GEN. LAWS ch. 188, § 3(a). Section 4 causes a more limited estate of homestead, to the extent of only $125,000, to exist even in the absence of a valid declaration: "In the absence of a valid declaration of homestead recorded under this chapter, an estate of homestead to the extent of the automatic homestead exemption shall exist in a home for the benefit of the owner and the owner's family members who occupy or intend to occupy the home as a principal residence." MASS. GEN. LAWS ch. 188, § 4.

### a.    Kerry's Assertion of Beneficial Interest in the Trust

The Heinrichs' principal objection to Kerry's claim of exemption is that, by virtue of the State Court judgment, she had no beneficial interest in the Trust, and therefore was not an "owner" within the meaning of ch. 188, when she and Michael filed the declaration of homestead. They contend that the State Court judgment is preclusive here and establishes that she had no beneficial interest in the trust. Kerry counters that the State Court judgment has no preclusive effect because the issue was not actually litigated, judgment having entered against her by default.[6] Therefore, as a preliminary matter, I must determine whether the judgment has preclusive effect in this proceeding.

The preclusive effect of a judgment is determined by the law of the jurisdiction from which it was issued it, in this instance the Commonwealth of Massachusetts. *McCrory v. Spigel (In re Spigel),* 260 F.3d 27, 33 (1st Cir. 2001). Preclusion is of two kinds, claim preclusion and issue preclusion, which are governed by different standards.

> Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been litigated in the action. . . . Issue preclusion prevents the relitigation of an issue determined in an earlier action when that issue subsequently arises in another action based on a different claim between the same parties or their privies.

---

[6] Kerry does not dispute that the judgment, if preclusive, would dictate the conclusion that she had no beneficial interest in the trust when she filed the declaration of homestead.

8

*Jarosz v. Palmer*, 463 Mass. 526, 530 n. 3 (2002) (internal quotes and citations omitted). In this instance, the prior judgment itself was declaratory, a declaration of the rights of the parties on one of the issues presented in this proceeding: whether Kerry had a beneficial interest in the trust. Because it is the judgment itself that the Heinrichs contend is preclusive, and not merely a finding or conclusion made in support of that judgment, this is a question of claim preclusion.

In Massachusetts, "the invocation of claim preclusion requires three elements: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Kobrin v. Board of Registration in Medicine*, 444 Mass. 837, 843 (2005) (internal quotations omitted). All three are satisfied here. The State Court action determined Kerry's beneficial interest in the Trust. The complaint properly named the trustees of the Trust, Michael and Kerry herself, as parties, and both, as trustees, were in privity with the beneficiaries of the Trust, Kerry included; it was the trustees' fiduciary duty in that action to defend the interests of the beneficiaries. The requirement of identity of parties is therefore satisfied. There is also identity between the cause of action in the earlier proceeding and one of the issues presented in this proceeding: both seek a determination of whether the entire beneficial interest in the property belongs to Michael. And the State Court judgment is also a final judgment on the merits. The fact that that judgment is subject to a pending appeal means that it is subject to possible reversal or vacatur on appeal; but the judgment did enter, and any modification on appeal would be an action upon a final judgment. No one contends that the judgment was somehow an interlocutory order. For these reasons, the three conditions of claim preclusion are satisfied, and therefore the judgment's declaration—that the assets of the Trust are available to satisfy the Heinrichs' claim against Michael—is binding here.

It is not clear whether the Heinrichs also need the benefit of issue preclusion, also known as collateral estoppel, but if they do, I rule that issue preclusion also applies. The Supreme Judicial Court has outlined the requirements of issue preclusion:

> Before applying the doctrine, a court must answer affirmatively four questions: (1) was there a final judgment on the merits in the prior adjudication; (2) was the party against whom estoppel is asserted a party (or in privity with a party) to the prior adjudication; (3) was the issue decided in the prior adjudication identical with the one presented in the action in question; and (4) was the issue decided in the prior adjudication essential to the judgment in the prior adjudication?

*Alba v. Raytheon Company*, 441 Mass. 836, 842 (2004). Even where these four requirements are satisfied, issue preclusion will be denied where the issue in question was not actually litigated in the prior litigation. *Treglia v. McDonald*, 430 Mass. 237, 241 (1999). For reasons set forth above, I have already concluded that the first three requirements are satisfied here: there was a final judgment on the merits in the prior adjudication; Kerry, the party against whom estoppel is asserted, was a party to, and in privity with another party to, that prior adjudication; and the issue decided in the prior litigation is the same as the issue presented here: whether the entire beneficial interest in the property belongs to Michael. I now further hold that the issue decided in the prior adjudication was essential to the judgment therein: it is precisely the issue as to which a declaratory judgment was sought—not only essential but of the essence.

This leaves only the question of whether the issue was actually litigated. Citing *Treglia v. McDonald*, *supra,* Kerry argues that under Massachusetts law, the issue would not be treated as having been actually litigated because judgment entered against her by default. The Heinrichs respond that *Treglia* itself indicated that the rule it announced was not without exception, and they argue that this case is an appropriate one to give the judgment preclusive effect. To this end, they note that she was aware of the litigation, deliberately chose not to participate, and went so far as to violate a subpoena by failing to appear to testify at trial.

*Treglia* held that "preclusive effect should not be given to issues or claims that were not actually litigated in a prior action" and, more to the point, "that *generally* in the case of a judgment entered by default, none of the issues is actually litigated or decided." *Treglia v. McDonald*, 430 Mass. at 241-42

(emphasis added).  *Treglia* involved a garden-variety default.  As to the issue for which preclusive effect was sought, the original court had received no evidence and had made no findings of fact or conclusions of law.  The Supreme Judicial Court cautioned that there may be circumstances where a default judgment should be given preclusive effect, and it cited two cases that did give preclusive effect to issues notwithstanding that judgment had entered by default, but it did not specify the circumstances in which its general rule would not be applicable.  *Id*. at 242-43.

I conclude that, notwithstanding Kerry's default, the issue in question *was* actually litigated in the prior action.  Kerry was a party to that action as trustee of the Trust; with respect to the count in question, that is the same capacity in which Michael was a party to the action.  Michael, as trustee of the Trust, had a fiduciary duty to its beneficiaries, including Kerry, to defend the action and her beneficial interest.  Judgment did not enter against Michael by default.  As to him, he and the Heinrichs submitted evidence and arguments on the issue, and the State Court made findings and conclusions.  To be sure, the State Court deemed it relevant that Kerry had chosen not to participate and that she had ignored and disobeyed a subpoena that had been served on her and pursuant to which she had been obligated to appear and testify, but these functioned more as relevant facts, not as dispositive events. That is, they did not obviate the need for an examination of the law and evidence on the substantive issue; they merely informed the State Court's construal of the evidence.  The State Court's ruling on the issue in question was a unitary ruling that affected both Michael's and Kerry's interests in the Trust at once.  And Michael, in his own individual capacity, had every bit as much interest as Kerry in defending the validity of the Trust and of her ostensible beneficial interest in it—he needed to defend these to keep the Property out of the reach of his creditors.  His and Kerry's interests were entirely consonant.  In view of Kerry's default, the State Court would likely have been justified in entering judgment against Kerry without a consideration of the evidence, but Michael had appeared and actually litigated the issue, and as against him—and those in privity with him, the beneficiaries—the State Court made a

determination on the merits after actual litigation.  I conclude that notwithstanding Kerry's default, the issue in question was actually litigated with a trustee of the Trust with whom she was in privity and had consonant interests, and therefore that the State Court's rulings on the issue may be used preclusively against her in this proceeding.  Therefore, whether by claim preclusion or issue preclusion or both, the State Court determination that Michael Ricciardi is the owner of the equitable interest of the Trust property is binding on Kerry here.  It follows that Kerry cannot rely on a beneficial interest in the Trust to establish that she was an "owner" of the Property within the meaning of ch. 188 when she filed the declaration of homestead.

**b.      Owner as Tenant by the Entirety**

In the alternative, Kerry argues that if the State Court judgment is preclusive, its abrogation of the Trust returns title to the Property to the ownership in which it resided immediately prior to the transfer into the Trust: that is, to her and Michael as tenants by the entirety.  In this capacity, she would be an owner within the meaning of ch. 188, and her homestead declaration would be valid on that basis.  This argument is unavailing because the State Court judgment did not avoid the transfer into the Trust.  The State Court complaint had not requested avoidance of a transfer, and the State Court used no language of avoidance in its rulings or judgment.  Nor did the State Court expressly abrogate the Trust.  Rather, it ruled only that the entire beneficial interest in the Trust property belonged to Michael, and therefore that, notwithstanding that title was in the Trust, the Property could be reached by the Heinrichs to satisfy their claim against him.  The State Court judgment gives no cause to hold that title reverted to Kerry and Michael as tenants by the entirety.

**c.      Entitlement to Homestead Exemption Notwithstanding Lack of Ownership Status**

Kerry advances no other basis on which the court might deem her to have been an owner within the meaning of ch. 188 when she filed the declaration of homestead.  I conclude that, at best, her only

interest in the Property was as a trustee of the Trust, and that, when she filed the declaration of homestead and later filed her bankruptcy petition, she held no beneficial interest in the trust or its property. Therefore, she was not an owner within the meaning of ch. 188. On the basis of 11 U.S.C. § 541(d), it follows as well that the Property, or at least the equitable interest in it, did not become an asset of the estate. Section 541(d) states:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d). At all relevant times, Kerry held, as trustee of the Trust, no more than bare legal title to the Property, not also a beneficial interest in the Trust or in the Property. The bankruptcy estate has no equitable interest in the Property.

In the alternative, Kerry argues that even if she has no ownership interest in the Property, she may nonetheless claim it as exempt because ch. 188 extends the benefits of a validly claimed homestead exemption to non-titled members of the owner's family. Regarding estates of homestead created by declaration, § 3 of ch. 188 states:

> A homestead declaration shall benefit each owner making the declaration and that owner's family members who occupy or intend to occupy the home as their principal residence. The homestead rights of non-titled family members shall consist of the right to use, occupy and enjoy the home as their principal residence.

MASS. GEN. LAWS ch. 188, § 3(a). And regarding estates of homestead that arise automatically, § 4 of ch. 188 states:

> In the absence of a valid declaration of homestead recorded under this chapter, an estate of homestead to the extent of the automatic homestead exemption shall exist in a home for the benefit of the owner and the owner's family members who occupy or intend to occupy the home as a principal residence. The homestead rights of non-titled family members shall consist of the right to use, occupy and enjoy the home as a principal residence.

13

MASS. GEN. LAWS ch. 188, § 4.  Kerry contends that even if she herself was not an owner, Michael, who also signed the declaration of homestead, undisputedly was an owner, and she, as a member of his family who occupies the house as her principal residence, is entitled to the benefit of it.

The Heinrichs dispute this claim as well, but I need not rule on their objection to it because the claim, whatever its merits, is beyond the concern of § 522(b)(1).  The exemptions that are the concern of § 522(b)(1) are exemptions "from property of the estate."  11 U.S.C. § 522(b)(1) ("an individual debtor may exempt *from property of the estate* the property listed  . . . ." (emphasis added)).  Kerry's rights under §§ 3 and 4 of ch. 188 as a family member are rights to use, occupancy, and enjoyment.  She is not trying to exclude an interest in property from her bankruptcy estate:  the estate has no interest in the Property for her to exclude.  Nor is she attempting to shield the Property from liability for her debts.  She has no beneficial interest in the property, and the Heinrichs have no claim against her; rather, the Property is liable for the claims of the Heinrichs against *Michael.*  In short, she is not asserting the kind of exemption to which § 522(b)(1) pertains.  I do not hold that § 522(b)(1) would therefore deny this exemption to her; it would not.  Rather, I hold only that her homestead rights as a family member arise entirely under state law and not through § 522 of the Bankruptcy Code or as an incident of her bankruptcy filing.

Moreover, as far as I can tell, those homestead rights would have no effect on her bankruptcy case.  The subject matter jurisdiction that a bankruptcy court may exercise is limited, at the outside, to matters that are "related to" a bankruptcy case.  28 U.S.C. §§ 1334(b) and 157(a).  By the well-accepted test for defining the outer reaches of related-to jurisdiction, bankruptcy courts may exercise related to jurisdiction as long as the outcome of the litigation could conceivably have some effect either on the bankruptcy estate or on those of the debtor's rights that the bankruptcy proceeding exists to adjust.  *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984); *In re Boston Regional Medical Center, Inc. v. Reynolds et al. (In re Boston Regional Medical Center, Inc.)*, 410 F.3d 100, 105 (1st Cir. 2005).  The rights

14

in issue do not affect the estate or any right that debtor has or may adjust by virtue of her bankruptcy filing.  Kerry's rights as a family member under §§ 3 and 4 of ch. 188, and the Heinrichs' objection to them, are therefore outside of this court's subject matter jurisdiction and accordingly must be dismissed without prejudice.

**Conclusion**

For the reasons set forth above, the Heinrich's objection to the debtor's homestead exemption is moot because the bankruptcy estate has no interest in the Property at issue for her to exempt.  The Court must dismiss without prejudice the claim of exemption, and the objection thereto, insofar as these seek a determination of Kerry's rights as a family member under §§ 3 and 4 of ch. 188; and the Court makes no ruling on the validity of the declaration of homestead as to Michael's interest in the property.  A separate order will enter accordingly.

Date:  January 15, 2013

_____
Frank J. Bailey
United States Bankruptcy Judge